**No. 42399.**—Protests 179948–G, etc., of Gimbel Bros. et al. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of boxes, cups, bottles, photo frames, atomizers, dishes, vases, shakers, plates, jugs, place-card stands, liqueur sets, whisky sets, cocktail sets, atomizers and droppers, and bridge sets chiefly used on the table or in the kitchen or household for utilitarian purposes. The claim at 40 percent under paragraph 339 was therefore sustained. *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), *Woolworth* v. *United States* (T. D. 47857), *Rice* v. *United States* (T. D. 49373), and Abstracts 39456 and 27907 cited. On the authority of Abstract 8950 the toilet sets were held separately dutiable, the brushes at 45 percent under paragraph 1407 and the mirrors at 50 percent under paragraph 230 as claimed.

BEFORE THE THIRD DIVISION, OCTOBER 11, 1939

**No. 42400.**—Protest 986336–G of F. Pancner (New York).

Opinion by CLINE, J. It appeared that the individual wrappers of the candy were not marked. As neither the candy nor the immediate containers were marked at the time of importation, the protest was overruled. *Givaudan* v. *United States* (22 C. C. P. A. 115, T. D. 47104) followed.

**No. 42401.**—Protest 983426–G of Northern Fur Co., Inc. (New York).

Opinion by CLINE, J. It appeared that the merchandise consisted of bales of raw fur skins tied together with ropes and covered with burlap. Each bale bore an official tag containing the words "Game Guardian's Declaration" and the legend "Canada—Province of Alberta" and the seal of the Province, which tags were attached to the bales by means of sewing twine through the burlap. This marking was held to be within the requirements of the statute as construed in *Asiam* v. *United States* (25 C. C. P. A. 68, T. D. 49065) and the protest was sustained. *American Hatters & Furriers Co.* v. *United States* (C. D. 31) and Abstract 41128 cited.